1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLD REPUBLIC INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Plaintiff,<br><br>v.<br><br>JERRY HAWKINS, a Washington resident; MELINDA HAWKINS, a Washington resident; JAYHAWK LOGISTICS, INC., a Washington limited liability company; and MACKENZIE MATTOX, a Washington resident.<br><br>Defendants. | NO.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

## I.     PARTIES

1.      Plaintiff Old Republic Insurance Company ("Old Republic") is a Pennsylvania corporation with its principal place of business in Pennsylvania.

2.      Upon information and belief, Defendant Jerry Hawkins ("Defendant Hawkins") and Defendant Melinda Hawkins (collectively, "the Hawkins") are a married couple that reside in Washington.

COMPLAINT FOR DECLARATORY JUDGMENT - 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7852341.1

3.      Upon information and belief, Defendant Jayhawk Logistics, Inc. ("Defendant Jayhawk") is a Washington limited liability company, which at all relevant times transacted business in the State of Washington.

4.      Upon information and belief, the Hawkins are the owners and/or governors of Jayhawk.

5.      Upon information and belief, Defendant Mackenzie Mattox ("Claimant"), is an individual that resides in Shoreline, Washington.[1]

## II.      VENUE AND JURISDICTION

6.      The U.S. District Court in the Western District of Washington has jurisdiction pursuant to 28 U.S.C. § 1332. There is complete diversity between the parties, and the amount in controversy exceeds $75,000, exclusive of costs and interest.

7.      Venue is proper in the Western District pursuant to 28 U.S.C. § 1391(a), (b) as upon information and belief the defendants reside in the Western District, and a substantial part of the events giving rise to the claim occurred in Snohomish County, Washington.

## III.      FACTS

### A.      The Underlying Lawsuit

8.      Claimant filed multiple *pro se* documents in the lawsuit captioned as *Mackenzie Mattox v. Jerry Hawkins,* in the Superior Court of the State of Washington, Snohomish County, Case No. 23-2-01391-31 (the "Underlying Lawsuit").

9.      The documents filed by Claimant in the Underlying Lawsuit (collectively, the "Underlying Pleadings") comprise the following: (a) "Affidavit" filed February 24, 2023, attached

---

[1] Old Republic makes no claim directly against Claimant in this lawsuit.  Claimant is a named defendant solely as a potentially interested and necessary party.  Upon request, and with permission of the Court, Old Republic will agree to voluntarily dismiss Claimant from this lawsuit upon an agreement to be bound by any ruling regarding coverage in this action.

COMPLAINT FOR DECLARATORY JUDGMENT - 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7852341.1

1 | hereto as **Exhibit A**; (b) "Declaration and Supporting Evidence" filed March 16, 2023, attached
2 | hereto as **Exhibit B**; and (c) "Complaint" filed June 14, 2023, attached hereto as **Exhibit C**.

3 |       10.     Upon information and belief, Claimant was employed by Defendant Hawkins
4 | and/or Defendant Jayhawk.

5 |       11.     Claimant's Affidavit alleges, without elaboration, that Defendant Hawkins:

6 |         a.   Unlawfully discriminated against Claimant during her employment;

7 |         b.   Stole money from Claimant while Claimant was employed by Defendant
8 |             Hawkins after an "accidental injury on the job";

9 |         c.   Attempted theft of Claimant's wages through a third-party;

10 |         d.   Intentionally libeled Claimant;

11 |         e.   Made financial threats to Claimant; and

12 |         f.   Verbally threatened Claimant during an online interview.

13 |       12.     Claimant's Declaration alleges, without elaboration, that Defendant Hawkins:

14 |         a.   Did not compensate Claimant for lost wages;

15 |         b.   Ignored communications from Claimant;

16 |         c.   Lied to Claimant and others;

17 |         d.   Threatened Claimant;

18 |         e.   Used eight businesses to "wear [Claimant] down";

19 |         f.   Discriminated;

20 |         g.   Retaliated;

21 |         h.   Lied to other independent trades;

22 |         i.   Neglected his contracts;

23 |         j.   Abandoned his contracts;

24 |         k.   Asked others to be neglectful so Defendant Hawkins could keep his job;

25 |         l.   Made concerted decisions affecting Claimant negatively;

COMPLAINT FOR DECLARATORY JUDGMENT - 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

1     m. Did not appear at an OAH hearing about his statement to [the OAH; and

2     n. Stole.

3   13. Claimant's Complaint alleges, without elaboration, as follows:

4     a. Coercion;

5     b. Official misconduct;

6     c. Theft in the first degree;

7     d. Theft from a vulnerable adult in the first degree;

8     e. Organized retail theft;

9     f. Identity theft;

10     g. Abandonment, abuse, financial exploitation, or neglect of a vulnerable adult;

11     h. Harassment;

12     i. Retaliation against whistleblowers and residents; and

13     j. Terrorism, Class A.

14   14. Claimant's Complaint states that Six Million, Five Hundred Thousand Dollars

15 ($6,500,000.00) is sought in relief.

16 **B.**  **The Old Republic Policies**

17   15. Old Republic issued the following Commercial General Liability (CGL) policies

18 to Jayhawk (collectively, "the Policies"), which provide coverage pursuant to their terms and

19 conditions:

20     a. Policy No. GLA0000015142819, effective August 16, 2019, through August

21      16, 2020 (the "2019 Policy"), attached hereto as **Exhibit D**;

22     b. Policy No. GLA0000015142820, effective August 16, 2020, through August

23      16, 2021 (the "2020 Policy"), attached hereto as **Exhibit E**; and

24     c. Policy No. GLA151428-25, effective August 16, 2021, through February 16,

25      2022 (the "2021 Policy"), attached hereto as **Exhibit F**.

COMPLAINT FOR DECLARATORY JUDGMENT - 4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

16.     The Policies each contain general CGL coverage form (Form CG 00 01 04 13), which contains an insuring agreement that provides, in relevant part, as follows:

> Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.
>
> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.  The words "we", "us" and "our" refer to the company providing this insurance.
>
> The word "insured" means any person or organization qualifying as such under Section II Who Is An Insured.
>
> Other words and phrases that appear in quotation marks have special meaning.  Refer to Section V Definitions.
>
> **SECTION I – COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1.  Insuring Agreement**
>
>     **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
>         **(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and
>
>         **(2)** Our right and duty to defense ends when we have used up the applicable limit of insurance in the payment of judgments or

COMPLAINT FOR DECLARATORY JUDGMENT - 5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7852341.1

settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period [...]

17.    The Policies provide personal and advertising injury coverage as described in the following insuring agreement:

### COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY

**1.  Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or

COMPLAINT FOR DECLARATORY JUDGMENT - 6

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7852341.1

settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

    **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.
…

18.    The Policies contain definitions for certain terms as follows:

**SECTION V – DEFINITIONS**

**3.** "**Bodily injury**" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
…

**5.** "**Employee**" includes a "leased worker." "Employee" does not include a "temporary worker."

**6.** "**Executive officer**" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.
…

**10.** "**Leased worker**" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker."
…

**13.** "**Occurrence**" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.** "**Personal and advertising injury**" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

COMPLAINT FOR DECLARATORY JUDGMENT - 7

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7852341.1

1 …

2
    **d.**  Oral or written publication, in any manner, of material that slanders
3         or libels a person or organization or disparages a person's or
        organization's goods, products, or services;[2]
4         …

5
  **17.** "**Property damage**" means:
6
    **a.**  Physical injury to tangible property, including all resulting loss of
7         use of that property. All such loss of use shall be deemed to occur at
        the time of the physical injury that caused it; or
8

9
    **b.**  Loss of use of tangible property that is not physically injured. All
10         such loss of use shall be deemed to occur at the time of the
        "occurrence" that caused it.
11

12
  **18.** "**Suit**" means a civil proceeding in which damages because of "bodily
    injury", "property damage" or "personal and advertising injury" to
13     which this insurance applies are alleged. […]

14     19.   The Policies set forth who qualifies as an "insured" and provides, in relevant part,

15 as follows:

16     **SECTION II – WHO IS AN INSURED**

17    **1.**  If you are designated in the Declarations as:

18     …

19     **d.**  An organization other than a partnership, joint venture or limited
        liability company, you are an insured. Your "executive officers" and
20         directors are insureds, but only with respect to their duties as your
        officers or directors. Your stockholders are also insureds, but only
21         with respect to their liability as stockholders.
22         …

23

24

25
---
[2] Form CG 24 13 04 13 removes Paragraph **14. e.** of the Definitions with respect to Coverage B Personal and Advertising Injury.

COMPLAINT FOR DECLARATORY JUDGMENT - 8

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

20.     The Policies contain certain exclusionary language under Coverage A that may apply to the allegations made in the Underlying Lawsuit:

### 2. Exclusions

This insurance does not apply to:

### a. Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" [or "property damage"][3]   resulting from the use of reasonable force to protect persons or property.

### b. Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(**1**) That the insured would have in the absence of the contract or agreement; or

(**2**) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(**a**) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

---

[3] As amended in 2019 and 2020 Policy by Form IL 10 (12/06).

COMPLAINT FOR DECLARATORY JUDGMENT - 9

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

(**b**) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

…

**d. Workers' Compensation and Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

**e. Employer's Liability**

"Bodily injury" to:

(**1**) An "employee of the insured arising out of and in the course of:

(**a**) Employment by the insured; or

(**b**) Performing duties related to the conduct of the insured's business […]

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury […]

21.     The Policies contain certain exclusionary language under Coverage B that may apply to the allegations made in the Underlying Lawsuit:

**2. Exclusions**

This insurance does not apply to:

**a. Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

COMPLAINT FOR DECLARATORY JUDGMENT - 10

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7852341.1

**b. Material Published With Knowledge Of Falsity**

"Personal and advertising injury" arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity.

**c. Material Published Prior To Policy Period**

"Personal and advertising injury" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period.

**d. Criminal Acts**

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

**e. Contractual Liability**

"Personal and advertising injury" for which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

**f. Breach Of Contract**

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising ideas in your "advertisement."

22.    The Policies contain Endorsement IL 01 23 11 13, which provides in relevant part as follows:

## WASHINGTON CHANGES – DEFENSE COSTS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

COMPLAINT FOR DECLARATORY JUDGMENT - 11

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7852341.1

. . .

**A.** The provisions of Paragraph **B.** are added to all Insuring Agreements that set forth a duty to defend under:

    **1.** Section **I** of the Commercial General Liability, Commercial Liability Umbrella, Electronic Data Liability, Farm, Liquor Liability, Owners And Contractors Protective Liability, Pollution Liability, Products/Completed Operations Liability, Product Withdrawal, Medical Professional Liability, Railroad Protective Liability and Underground Storage Tank Coverage Parts, Auto Dealers Coverage Form and the Farm Umbrella Liability Policy;

    [. . .]

    Paragraph **B.** also applies to any other provision in the policy that sets forth a duty to defend.

**B.** If we initially defend an insured ("insured") or pay for an insured's ("insured's") defense but later determine that none of the claims ("claims"), for which we provided a defense or defense costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred.

The right to reimbursement under this provision will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs.

…

**C.**   <u>Old Republic Agreed to Defend Defendants Jayhawk and Hawkins Under a Full Reservation of Rights</u>

    23.    On or about December 6, 2023, Defendant Jayhawk and Defendant Hawkins tendered the defense of the claims in the Underlying Lawsuit to Old Republic.

COMPLAINT FOR DECLARATORY JUDGMENT - 12

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7852341.1

1
2
3

24.     On January 9, 2024, Old Republic agreed to defend Defendants Jayhawk and Hawkins in the Underlying Lawsuit under a full reservation of rights.  Attached hereto as **Exhibit G** is a copy of Old Republic's reservation of rights letter.

4
5

**IV.     FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT
POLICY PERIOD (COVERAGE A AND COVERAGE B)**

6
7

25.     Old Republic realleges each of the allegations contained in Paragraphs 1 through 24 as if fully set forth herein.

8
9

26.     The Policies were effective from June 16, 2019 to February 16, 2022, subject to their terms and conditions.

10
11

27.     Given the lack of chronological information in the Underlying Lawsuit, it is possible that some or all of the acts alleged therein occurred outside one or more policy period.

12
13
14

28.     As such, Old Republic is entitled to declaratory judgment that it owes no duty to defend or indemnify Defendants Jayhawk or Hawkins against any claims in the Underlying Lawsuit for damages that occurred outside of the applicable periods of coverage under the Policies.

15
16

**V.     SECOND CAUSE OF ACTION: DECLARATORY JUDGMENT
"BODILY INJURY AND "PROPERTY DAMAGE"
(COVERAGE A)**

17
18

29.     Old Republic realleges each of the allegations contained in Paragraphs 1 through 28 as if fully set forth herein.

19
20

30.     The Policies provide coverage for "bodily injury" or "property damage" caused by an "occurrence."

21
22

31.     The Underlying Lawsuit includes no allegations of "bodily injury as this term is defined by the Policies; *i.e.*, "bodily injury, sickness or disease sustained by a person…"

23
24

32.     The Underlying Lawsuit contains no allegations of "property damage" as this term is defined by the Policies; *i.e.*, "physical injury to tangible property..."

25

COMPLAINT FOR DECLARATORY JUDGMENT - 13

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7852341.1

33.     As such, Old Republic is entitled to declaratory judgment that it owes no duty to defend or indemnify Defendants Jayhawk or Hawkins under the Policies' CGL coverage parts against the allegations in the Underlying Lawsuit due to no "bodily injury" or "property damage" being alleged by Claimant.

## VI.     THIRD CAUSE OF ACTION: DECLARATORY JUDGMENT "OCCURRENCE" (COVERAGE A)

34.     Old Republic realleges each of the allegations contained in Paragraphs 1 through 33 as if fully set forth herein.

35.     The Policies' CGL coverage parts provide coverage for "bodily injury" or "property damage" caused by an "occurrence."

36.     The Underlying Lawsuit does not allege any accidental acts by Defendant Hawkins or Defendant Jayhawk.

37.     The Underlying Lawsuit contains allegations of intentional acts by Defendant Hawkins.

38.     As such, Old Republic is entitled to declaratory judgment that it owes no duty to defend or indemnify Defendants Jayhawk or Hawkins under the Policies' CGL coverage parts against the allegations in the Underlying Lawsuit due to no "occurrence" being alleged by Claimant.

## VII.     FOURTH CAUSE OF ACTION: DECLARATORY JUDGMENT EXPECTED OR INTENDED INJURY EXCLUSION (COVERAGE A)

39.     Old Republic realleges each of the allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

40.     The Policies exclude coverage for "bodily injury" or "property damage" expected or intended from the standpoint of the insured.

COMPLAINT FOR DECLARATORY JUDGMENT - 14

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

41.     The Underlying Lawsuit contains various allegations of intentional acts by Defendant Hawkins.

42.     As such, Old Republic is entitled to declaratory judgment that it owes no duty to defend or indemnify Defendants Jayhawk or Hawkins under the Policies' CGL coverage parts against the allegations in the Underlying Lawsuit due to coverage being precluded under the Policies' Expected or Intended Injury Exclusion.

**VIII.   FIFTH CAUSE OF ACTION: DECLARATORY JUDGMENT CONTRACTUAL LIABILITY EXCLUSION (COVERAGE A)**

43.     Old Republic realleges each of the allegations contained in Paragraphs 1 through 41 as if fully set forth herein.

44.     The Policies contain a contractual liability exclusion.

45.     Claimant alleges in the Underlying Lawsuit that Defendant Hawkins "abandoned" and "neglected" his contracts.

46.     As such, Old Republic seeks declaratory judgment that it owes no duty to defend or indemnify Defendants Jayhawk or Hawkins under the Policies' CGL coverage parts against any contractual liability claim(s) in the Underlying Lawsuit.

**IX.     SIXTH CAUSE OF ACTION: DECLARATORY JUDGMENT WORKERS COMPENSATION EXCLUSION (COVERAGE A)**

47.     Old Republic realleges each of the allegations contained in Paragraphs 1 through 46 as if fully set forth herein.

48.     The Policies exclude coverage for any obligation of the insured under a worker's compensation, disability benefits or unemployment compensation law, or any similar law.

COMPLAINT FOR DECLARATORY JUDGMENT - 15

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7852341.1

49.     The allegations in the Underlying Lawsuit pertain to damages Claimant alleges were caused by Defendant Hawkins' acts / omissions during the course of Claimant's employment with Defendant Jayhawk and/or Defendant Hawkins.

50.     As such, Old Republic seeks declaratory judgment that it owes no duty to defend or indemnify Defendants Jayhawk or Hawkins under the Policies' CGL coverage parts against any allegations in the Underlying Lawsuit that pertain to any obligation(s) of Defendants Jayhawk or Hawkins under worker's compensation, disability benefits, unemployment compensation, or similar law(s).

### X.     SEVENTH CAUSE OF ACTION: DECLARATORY JUDGMENT EMPLOYER'S LIABILITY EXCLUSION (COVERAGE A)

51.     Old Republic realleges each of the allegations contained in Paragraphs 1 through 50 as if fully set forth herein.

52.     The Policies exclude coverage for "bodily injury" to an employee of the "insured" arising out of and in the course of employment by the "insured," or performing duties related to the conduct of the "insured's" business."

53.     The Underlying Lawsuit contains allegations pertaining to certain incidents that allegedly occurred during Claimant's employment with Defendant Hawkins.

54.     As such, Old Republic seeks declaratory judgment that it owes no duty to defend or indemnify Defendants Jayhawk or Hawkins under the Policies' CGL coverage parts against any allegations in the Underlying Lawsuit that pertain to any "bodily injury" to Claimant arising out of and/or in the course of employment by Jayhawk and/or Hawkins, or performing duties related to the conduct of Jayhawk's and/or Hawkins' "business."

COMPLAINT FOR DECLARATORY JUDGMENT - 16

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7852341.1

1

2

**XI.   EIGHTH CAUSE OF ACTION: DECLARATORY JUDGMENT
"PERSONAL AND ADVERTISING INJURY"
(COVERAGE B)**

3

4

55.     Old Republic realleges each of the allegations contained in Paragraphs 1 through 54 as if fully set forth herein.

5

6

56.     Coverage B in the Policies provides limited coverage for "personal and advertising injury."

7

8

9

10

57.     "Personal and advertising injury" is defined, in relevant part, as "injury, including consequential 'bodily injury'…" "arising out of oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services."

11

12

58.     The Underlying Lawsuit does not allege injury or "bodily injury" arising out of any material that slanders Claimant or her goods, products, or services.

13

14

15

59.     As such, Old Republic is entitled to declaratory judgment that it owes no duty to defend or indemnify Defendants Jayhawk or Hawkins under the Polices' Personal and Advertising Injury coverage parts against the allegations in the Underlying Lawsuit.

16

17

**XII.   NINTH CAUSE OF ACTION: DECLARATORY JUDGMENT
KNOWING VIOLATION OF THE RIGHTS OF ANOTHER EXCLUSION
(COVERAGE B)**

18

19

60.     Old Republic realleges each of the allegations contained in Paragraphs 1 through 59 as if fully set forth herein.

20

21

22

61.     The Policies exclude coverage for "personal and advertising injury" caused by or at the direction of the "insured" with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

23

24

62.     The Underlying Lawsuit contains allegations of intentional acts by Defendant Hawkins; for example, that Defendant Hawkins "intentionally libeled" Claimant.

25

COMPLAINT FOR DECLARATORY JUDGMENT - 17

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7852341.1

63.     As such, Old Republic is entitled to declaratory judgment that it owes no duty to defend or indemnify Defendants Jayhawk or Hawkins under the Polices' Personal and Advertising Injury coverage parts against the allegations in the Underlying Lawsuit that comprise "personal or advertising injury" caused by or at the direction of Defendants Jayhawk or Hawkins with the knowledge that the act would violate the rights of another (such as Claimant) and would inflict "personal and advertising injury."

### XIII.   TENTH CAUSE OF ACTION: DECLARATORY JUDGMENT MATERIAL PUBLISHED WITH KNOWLEDGE OF FALSITY EXCLUSION (COVERAGE B)

64.     Old Republic realleges each of the allegations contained in Paragraphs 1 through 63 as if fully set forth herein.

65.     The Policies exclude coverage for "personal and advertising injury" arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity."

66.     The Underlying Lawsuit contains various allegations of intentional acts by Defendant Hawkins; for example, that Defendant Hawkins "intentionally libeled" Claimant.

67.     As such, Old Republic is entitled to declaratory judgment that it owes no duty to defend or indemnify Defendants Jayhawk or Hawkins under the Polices' Personal and Advertising Injury coverage parts against the allegations in the Underlying Lawsuit that comprise "personal or advertising injury" arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity."

### XIV.   ELEVENTH CAUSE OF ACTION: DECLARATORY JUDGMENT MATERIAL PUBLISHED PRIOR TO POLICY PERIOD EXCLUSION (COVERAGE B)

68.     Old Republic realleges each of the allegations contained in Paragraphs 1 through 67 as if fully set forth herein.

COMPLAINT FOR DECLARATORY JUDGMENT - 18

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7852341.1

69.     The Policies exclude coverage for "personal and advertising injury" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period.

70.     It is possible, based on the documents filed by Claimant in the Underlying Lawsuit, that Claimant's claims arise out of or include publications that first took place before one or more of the Policies incepted.

71.     As such, Old Republic is entitled to declaratory judgment that it owes no duty to defend or indemnify Defendants Jayhawk or Hawkins under the Polices' Personal and Advertising Injury coverage parts against the allegations in the Underlying Lawsuit, under one or more of the Policies, for "personal and advertising injury" arising out of publications that first took place before one or more of the Policies incepted.

## XV.     TWELFTH CAUSE OF ACTION: DECLARATORY JUDGMENT CRIMINAL ACTS EXCLUSION (COVERAGE B)

72.     Old Republic realleges each of the allegations contained in Paragraphs 1 through 71 as if fully set forth herein.

73.     The Policies exclude coverage for "personal and advertising injury" arising out of a criminal act by or at the direction of the insured.

74.     The Underlying Lawsuit includes certain allegations that could amount to allegations of criminal acts; for example, terrorism and theft.

75.     As such, Old Republic is entitled to declaratory judgment that it owes no duty to defend or indemnify Defendants Jayhawk or Hawkins under the Polices' Personal and Advertising Injury coverage parts against the allegations in the Underlying Lawsuit for "personal and advertising injury" arising out of any criminal acts by or at the direction of Defendants Jayhawk and/or Hawkins.

COMPLAINT FOR DECLARATORY JUDGMENT - 19

1
2

**XVI.   THIRTEENTH CAUSE OF ACTION: DECLARATORY JUDGMENT
CONTRACTUAL LIABILITY EXCLUSION
(COVERAGE B)**

3      76.    Old Republic realleges each of the allegations contained in Paragraphs 1 through
4      75 as if fully set forth herein.

5      77.    The Policies exclude coverage for "personal and advertising injury" for which an
6      "insured" has assumed liability in a contract or agreement.

7      78.    The Underlying Lawsuit includes allegations of contractual violations.

8      79.    As such, Old Republic is entitled to declaratory judgment that it owes no duty to
9      defend or indemnify Defendants Jayhawk or Hawkins under the Polices' Personal and Advertising
10     Injury coverage parts against the allegations in the Underlying Lawsuit for "personal and
11     advertising injury" for which Defendants Jayhawk and/or Hawkins have assumed liability in a
12     contract or agreement.

13
14

**XVII.   FOURTEENTH CAUSE OF ACTION: DECLARATORY JUDGMENT
BREACH OF CONTRACT EXCLUSION
(COVERAGE B)**

15     80.    Old Republic realleges each of the allegations contained in Paragraphs 1 through
16     79 as if fully set forth herein.

17     81.    The Policies exclude coverage for "personal and advertising injury" arising out of
18     a breach of contract.

19     82.    The Underlying Lawsuit includes allegations of contractual violations.

20     83.    As such, Old Republic is entitled to declaratory judgment that it owes no duty to
21     defend or indemnify Defendants Jayhawk or Hawkins under the Polices' Personal and Advertising
22     Injury coverage parts against the allegations in the Underlying Lawsuit for "personal and
23     advertising injury" arising out of a breach of contract.

24
25

COMPLAINT FOR DECLARATORY JUDGMENT - 20

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7852341.1

1
2

**XVIII. <u>FIFTEENTH CAUSE OF ACTION</u>: DECLARATORY JUDGMENT**
**LATE TENDER**
**(COVERAGES A AND B)**

3       84.     Old Republic realleges each of the allegations contained in Paragraphs 1 through

4   83 as if fully set forth herein.

5       85.     The Policies require that the insured take certain actions to provide timely notice to

6   Old Republic of a claim or potential claim.

7       86.     Specifically, the Policies require that the insured provide written notice to Old

8   Republic or its agent as soon as is practical of an accident or occurrence.

9       87.     The Policies provide that the insured must promptly forward every notice, demand,

10  summons, or other process relating to an accident or occurrence.  This would include the

11  Underlying Lawsuit.

12      88.     The "Affidavit" in the Underlying Lawsuit was filed on or about February 24, 2023.

13      89.     Old Republic did not receive notice of the Underlying Lawsuit until December 6,

14  2023, more than ten months later.

15      90.     Old Republic sustained actual prejudice from late notice, including but not limited

16  to its inability to effectuate an immediate defense once the Underlying Lawsuit was filed.

17      91.     As such, Old Republic is entitled to declaratory judgment that there is no coverage

18  under the Policies in regard to the Underlying Lawsuit because Old Republic was prejudiced by

19  late notice.

20
21

**XIX.   <u>SIXTEENTH CAUSE OF ACTION</u>: DECLARATORY JUDGMENT**
**DEFENSE COST REIMBURSEMENT**
**(COVERAGES A AND B)**

22      92.     Old Republic realleges each of the allegations contained in Paragraphs 1 through

23  91 as if fully set forth herein.

24
25

COMPLAINT FOR DECLARATORY JUDGMENT - 21

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7852341.1

93.     The Policies provide that Old Republic is entitled to reimbursement of costs incurred in defending its insured if it is later determined that none of the claims for which Old Republic provided a defense or defense costs are covered under the Policies.

94.     As such, to the extent it is determined that none of the claims alleged in the Underlying Lawsuit that Old Republic is defending against are covered under one or more of the Policies, Old Republic is entitled to a declaratory judgment that it is entitled to recover its defense costs incurred in the defense.

## XX.    PRAYER FOR RELIEF

As shown herein, a justiciable controversy exists between Plaintiff Old Republic and Defendants, regarding defense and indemnity coverage to Defendants Jayhawk and/or Hawkins under the Policies.  Old Republic thus prays for the following relief:

1.     Declaratory judgment that it owes no duty to defend and/or indemnify Defendants Jayhawk and/or Hawkins from the claims alleged in the Underlying Lawsuit as alleged herein;

2.     For attorneys' fees and costs allowed by statute and/or applicable law; and

3.     Such other and further relief as the Court deems just and equitable.

DATED this 26th day of March 2024.

*s/ Miles J. M. Stewart*
Miles J. M. Stewart, WSBA # 46067
**WILLIAMS, KASTNER & GIBBS PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Tel:    (206) 628-6600
Fax:    (206) 628-6611
Email: mstewart@williamskastner.com

*Attorneys for Plaintiff Old Republic Insurance Company*

COMPLAINT FOR DECLARATORY JUDGMENT - 22